**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10492 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00142-JGZ |
| v. | |
| BENITO REYES-SANTANA, a.k.a. Gerardo Reyes, a.k.a. Benito Reyes-Santano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer Zipps, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Benito Reyes-Santana appeals his guilty-plea conviction and 46-month

sentence for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reyes-Santana argues that, during his plea colloquy, the district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violated Federal Rule of Criminal Procedure 11 by failing to (1) advise him of the elements of the offense and (2) obtain a factual basis for his plea. Because Reyes-Santana did not raise these objections below, we review for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004).

To convict a defendant of attempted reentry, the government must show that the defendant entered the United States "with the specific intent to enter the country free from official restraint." *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016) (internal quotations omitted). The record reflects that the district court did not advise Reyes-Santana of this aspect of the offense during the plea colloquy. We nevertheless affirm Reyes-Santana's conviction because he has not shown that the court's error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83 (to prevail on plain error review, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea").

Reyes-Santana also argues the district court erred by applying the 2015 Guidelines instead of the 2016 Guidelines. Reviewing for plain error, *see United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008), we affirm Reyes-Santana's sentence. In light of a recent decision of this court, *see United States v. Martinez*, 870 F.3d 1163, 1169 (9th Cir. 2017), the sentencing range under the 2016 Guidelines is the same as under the 2015 Guidelines. Thus, any error in the court's use of the 2015 Guidelines did not affect Reyes-Santana's substantial rights. *See*

*Waknine*, 543 F.3d at 552 (a nonprejudicial error does not affect substantial rights).

**AFFIRMED.**